| | |
|---|---|
| **DISTRICT COURT, JEFFERSON COUNTY, COLORADO**<br>Address of Court:    100 Jefferson County Parkway<br>Golden, CO 80401<br>Phone: 720-772-2500 | DATE FILED: May 10, 2018 4:18 PM<br>FILING ID: 95A838EEE4CC4<br>CASE NUMBER: 2018CV30759 |
| **Plaintiff: ROBERT FRITSCHE,**<br><br>**v.**<br><br>**Defendant: AMERICAN FAMILY MUTUAL INSURANCE COMPANY** | **▲FOR COURT USE ONLY▲** |
| **ATTORNEY FOR PLAINTIFF:**<br>Jonathan E. Bukowski, Esq.<br>Colorado Bar No. 45614<br>Larry E. Bache, Esq.<br>Colorado Bar No. 51958<br>MERLIN LAW GROUP, P.A.<br>1001 17th Street, Suite 1150<br>Denver, CO 80202<br>Phone: 720-665-9680<br>Fax: 720-665-9681<br>E-Mail: jbukowski@merlinlawgroup.com<br>E-Mail: lbache@merlinlawgroup.com | Case Number:<br><br>Div.:          Ctrm: |
| **COMPLAINT AND JURY DEMAND** | |

**COMES NOW** Plaintiff, ROBERT FRITSCHE, by and through his undersigned counsel, and hereby submit this his Complaint against Defendant, AMERICAN FAMILY MUTUAL INSURANCE COMPANY, and in support of his Complaint, alleges and avers as follows:

**PARTIES**

1.      Plaintiff, Robert Fritsche ("Plaintiff") is an individual domiciled in Evergreen, Jefferson County, Colorado.

EXHIBIT A

2.     Defendant, American Family Mutual Insurance Company ("Defendant" or "American Family"), is a foreign insurance company incorporated and domiciled in the state of Wisconsin and maintains its principal place of business in a state other than in Colorado.

## JURISDICTION AND VENUE

3.     This Court has subject matter and personal jurisdiction over the parties to this cause of action.

4.     A cause of action exists under Colorado state law for claims regarding the conduct complained of herein.

5.     Jurisdiction is proper as to American Family pursuant to Colorado Revised Statutes § 13-1-124(1)(a), (b), and (d) because American Family conducted the business at issue in this action, committed tortious misconduct and contracted to insure property within the State of Colorado.

6.     Venue is proper pursuant to Col.R.Civ.P. 98 because it is the venue in which the cause of action accrued and where the insured property in question is located.

## FACTS COMMON TO ALL COUNTS

7.     Plaintiff is the owner of property located at 28764 Wild Rose Drive, Evergreen, Jefferson County, Colorado 80439 (the "Property").

8.     Plaintiff purchased a Homeowners Policy of insurance from American Family under Policy Number 05PJ3087-01 (the "Policy").[1]

9.     The Policy is an all risk policy of insurance.

10.     The Policy is a replacement cost value policy and covers loss to the Property.

---

[1] Plaintiff has requested, but is not in possession of, a certified copy of the Policy.

11.     The Policy provides coverage for direct physical loss or damage to covered property at the premises caused by or resulting from any covered cause of loss.

12.     Hail and wind are covered causes of loss under the terms and conditions of the Policy.

13.     The Policy does not require that the Property sustain functional damage for coverage to be afforded to direct physical loss or damage to covered property at the premises caused by or resulting from any covered cause of loss.

14.     The Policy does not include a cosmetic exclusion.

15.     Under the Policy, American Family agreed to adjust all losses with Plaintiff fairly and timely.

16.     Plaintiff paid the premiums due under the Policy in a timely manner, and performed all duties and responsibilities required of it under the Policy.

17.     On or about May 8, 2017, during the Policy period, Plaintiff suffered direct physical loss and/or damage at the Property resulting from hail and wind.

18.     The direct physical loss and/or damage resulting from the hail and wind constituted a covered loss under the Policy.

19.     Plaintiff timely reported the covered loss to American Family, and made a claim for the direct physical loss and damage to the Property.

20.     American Family assigned Claim Number 00-865-078311-1943 to the Property loss.

21.     American Family assigned its first adjuster, Seth Dickson, to investigate and adjust Plaintiff's claim for direct physical loss and/or damage to the Property resulting from the hail and wind storm occurring on or about May 8, 2017.

22.     On or about September 4, 2017, American Family provided Plaintiff with its first damage estimate which outlined $4,398.93 in replacement cost value covered damages. A copy of American Family's First Damage Estimate is attached hereto as **Exhibit "A."**

23.     American Family's First Damage Estimate provided only eleven line items.

24.     American Family's First Damage Estimate did not provide for any damages to the roofing system covering the Property.

25.     On or about October 21, 2017, American Family retained Matthew Sitzmann of HAAG Engineering, Inc. ("HAAG").

26.     On or about October 21, 2017, HAAG performed a site inspection of the Property.

27.     On or about October 26, 2017, HAAG provided American Family with a report of its findings ("HAAG Report"). A copy of the HAAG Report is attached hereto as **Exhibit "B."**

28.     HAAG concluded that the Property had been struck by hail.

29.     HAAG concluded that paint finishes on the southwest, west, northwest, and northeast elevations were chipped by hail.

30.     HAAG concluded that caps of flue vents were dented by hail.

31.     HAAG concluded that paint finishes on a bench in front of the dwelling were chipped by hail.

32.     HAAG concluded that skylights were dented by hail.

33.     HAAG concluded that several roofing tiles were displaced or fractured by wind.

34.     On or about October 30, 2017, American Family provided Plaintiff with its second damage estimate which outlined $14,537.86 in replacement cost value covered damages. A copy of American Family's Second Damage Estimate is attached hereto as **Exhibit "C."**

35.     American Family's Second Damage Estimate failed to provide for like kind and quality replacement of the damaged windows.

36.     American Family's Second Damage Estimate did not provide for hailstone damage observed by HAAG to the paint finishes on the southwest, west, northwest, and northeast elevations.

37.     American Family's Second Damage Estimate did not provide for hailstone damage observed by HAAG to the caps of flue vents.

38.     American Family's Second Damage Estimate did not provide for hailstone damage observed by HAAG to the bench in front of the dwelling.

39.     American Family's Second Damage Estimate did not provide for hailstone damage observed by HAAG to the skylights.

40.     Despite the complexity of the repairs outlined within its Second Damage Estimate, American Family's Second Estimate improperly withheld general contractor overhead and profit.

41.     American Family's failure to include general contractor overhead and profit has led to the delay and denial of covered benefits without a reasonable basis.

42.     American Family's failure to include the damages outlined in its Second Damage Estimate within its First Damage Estimate resulted in the delay and denial of payment of $10,138.93 in covered benefits without a reasonable basis.

43.     As a result of American Family's poor investigation, Plaintiff was forced to retain a Colorado licensed public adjusting firm, Tremaine Enterprises, Inc. ("Tremaine Enterprises"), to assist in the adjustment of Plaintiff's claim for direct physical loss and damage to the Property resulting from a hail and wind storm occurring on May 8, 2017.

44.     On or about March 29, 2018, Plaintiff's representative, Tremaine Enterprises, notified American Family of Plaintiff's intention to repair his Property and exercise the replacement cost option as it related to the claim.

45.     On or about March 29, 2018, Plaintiff's representative, Tremaine Enterprises, requested American Family extend the deadline to exercise replacement cost until the resolution of the claim.

46.     On or about April 12, 2018, Plaintiff's representative, Tremaine Enterprises, provided American Family with Plaintiff's Damage Estimate which outlined $169,407.05 in replacement cost value covered direct physical loss and/or damage resulting from a hail and wind storm that occurred on or about May 8, 2017. A copy of Plaintiff's Damage Estimate is attached hereto as **Exhibit "D."**

47.     Plaintiff's First Damage Estimate not only included a line by line breakdown of direct physical loss and damage to the Property, but included two-hundred and thirty-five photographs illustrating the significant covered damages to the decks, elevations, interiors, roofing system, siding, gutters, downspouts, personal property, and windows, resulting from a hail and wind storm that occurred on or about May 8, 2017.

48.     American Family's failure to pay the claim in full has resulted in a breach of contract.

49.     American Family's failure to pay the claim in full has resulted in an unreasonable delay and denial in covered benefits without a reasonable basis.

50.     It is apparent from American Family's conduct that American Family adopted a plan or approach to delay, as much as possible, its handling and payment of the claim.

51.     Plaintiff has fulfilled all duties required of him under the Policy after discovery of the loss.

52.     Plaintiff has performed all conditions precedent and subsequent required under the insurance Policy, or alternatively, have been excused from performance by the acts, representations, and/or conduct of American Family.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

53.     Plaintiff realleges and reaffirms Paragraphs 1-52 as if fully set forth herein.

54.     Plaintiff purchased an all risk policy requiring American Family to pay for any and all fortuitous damages resulting from a loss not expressly excluded or otherwise limited by the Policy.

55.     The Policy between Plaintiff and American Family is a binding contract.

56.     Plaintiff paid premiums and otherwise performed all conditions precedent to recovery of benefits under his Policy with American Family.

57.     American Family has denied certain covered damages and continues to delay and deny certain claimed damages.

58.     American Family's failure to honor its obligations under the Policy is a breach of contract.

59.     American Family's breach of contract has damaged, and continues to damage Plaintiff.

60.     Plaintiff is entitled to all benefits due and owing under the Policy.

**WHEREFORE**, Plaintiff, Robert Fritsche, respectfully requests this Court enter judgment against, Defendant, American Family Mutual Insurance Company, for damages resulting from its

breach of contract, costs, pre-judgment interest, attorneys' fees pursuant to applicable law, and

such other relief as the Court deems appropriate.

## SECOND CLAIM FOR RELIEF
### (Bad Faith Breach of Insurance Contract)

61.     Plaintiff realleges and reaffirms Paragraphs 1-60 as if fully set forth herein.

62.     An insurer breaches its duty of good faith and fair dealing when it engages in unfair

claim settlement practices.

63.     Under the Policy and Colorado law, American Family had a duty to act reasonably

and in good faith in the handling of Plaintiff's claim.

64.     Under the Policy and Colorado law, American Family had a duty to act with

ordinary, reasonable diligence in investigating the claims submitted by Plaintiff and in determining

the amounts due and owing under the Policy in question, and to pay all amounts due and owing.

65.     Under the Policy and Colorado law, American Family owes Plaintiff the duty of

good faith and fair dealing.

66.     American Family had an obligation to conduct a thorough, fair, unbiased, and

timely investigation of the claim presented to it, and then properly evaluate and timely pay those

claims.

67.     American Family owed Plaintiff the duty to give equal consideration to the

financial interests of Plaintiff, and not give greater consideration to its own financial interests while

investigating and adjusting Plaintiff's claim.

68.     American Family had the non-delegable duty to investigate the claim objectively

and to not look for ways to deny benefits or attempt to not pay the full amount owed.

69.     American Family sold Plaintiff the Policy at issue, the intent of which was to provide coverage for loss or damage to covered property at the premises caused by or resulting from any covered cause of loss.

70.     American Family knew that Plaintiff purchased the Policy to protect his Property in the event of a loss.

71.     Plaintiff has cooperated with American Family in the processing of the claim for covered benefits resulting from a hail and wind storm occurring on or about May 8, 2017.

72.     Plaintiff has cooperated with American Family in the investigation of the claim for covered benefits resulting from a hail and wind storm occurring on or about May 8, 2017.

73.     Plaintiff has not erected any obstacles to American Family's ability to investigate Plaintiff's claim for covered benefits resulting from a hail and wind storm occurring on or about May 8, 2017.

74.     Plaintiff has not erected any obstacles to American Family's ability to evaluate Plaintiff's claim for covered benefits resulting from a hail and wind storm occurring on or about May 8, 2017.

75.     American Family disregarded the validity of Plaintiff's claim for direct physical loss and damage resulting from the hail and wind storm occurring on or about May 8, 2017.

76.     American Family failed to treat Plaintiff's interests with equal regard to its own.

77.     American Family mischaracterized the evidence to the benefit of itself.

78.     American Family failed to be open and honest in its dealings with Plaintiff.

79.     American Family failed to conduct a full, fair, and prompt investigation of the claim.

80.     American Family failed to interpret its insurance policy reasonably.

81.     American Family failed to resolve doubts concerning insurance coverage in favor of the policyholder.

82.     American Family underpaid Plaintiff's claim without conducting a thorough investigation in an attempt to effectuate a deceptively low settlement.

83.     American Family underpaid Plaintiff's claim by failing to objectively evaluate Plaintiff's claim based on all available evidence, and not just evidence which American Family believes supports its position.

84.     American Family's decision to underpay the benefits owed to Plaintiff was intentional and not accidental.

85.     American Family knew that its denial to pay the benefits owed would cause Plaintiff financial hardship.

86.     American Family failed to assist Plaintiff with the presentation of his claim.

87.     American Family breached its duty of good faith and fair dealing by failing to conduct a proper investigation of the loss.

88.     American Family breached its duty of good faith and fair dealing by conducting an outcome oriented investigation of Plaintiff's loss.

89.     American Family breached its duty of good faith and fair dealing by underpaying Plaintiff's claim without having documented a reasonable investigation based upon all information

90.     American Family failed to conduct a thorough and timely investigation of Plaintiff's claim in accordance with insurance industry claims handling standards and practices.

91.     Among other circumstances, American Family has committed unfair settlement practices including, without limitation:

    (a)    American Family has failed to acknowledge and act reasonably promptly upon communication with respect to claims arising under insurance policies;

    (b)    American Family has failed to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

    (c)    American Family refuses to pay claims without conducting a reasonable investigation based upon all available information;

    (d)    American Family has failed to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;

    (e)    American Family has compelled Robert Fritsche to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions by such insureds;

    (f)    American Family has failed to promptly settle claims, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage;

    (g)    American Family has misrepresented terms and conditions of the Policy in an attempt to influence its Insured to settlement for less than all benefits reasonably afforded under the Policy for the subject loss and damage; and

    (h)    American Family encourages its claims representatives to engage in unfair claims settlement practices against its Insured, thereby violating applicable laws and regulations of the State of Colorado.

92.    American Family's claims representatives, including Seth Dickson, Claudia Warden, and Douglas Clifton, received incentive-based compensation to close quickly or reduce claim payments.

93.    American Family representatives, including Seth Dickson, Claudia Warden, and Douglas Clifton, received income-based compensation to reduce claims payments made to Plaintiff on its claim for loss or damage to covered property at the Property caused by or resulting from any covered cause of loss.

94.    American Family improperly denied Plaintiff's claim by providing financial incentives to its personnel, including Seth Dickson, Claudia Warden, and Douglas Clifton, to determine claims handling.

95.     American Family improperly set various claims handling goals to reduce the amount paid on claims.

96.     American Family improperly denied Plaintiff's claim to reduce overall claims payments.

97.     American Family improperly denied Plaintiff's claim to increase profits.

98.     American Family improperly denied Plaintiff's claim to maintain its loss ratio.

99.     American Family improperly denied Plaintiff's claim to meet department goals.

100.    American Family conduct demonstrates that it was repeatedly aimed at benefiting itself to the detriment of Plaintiff.

101.    American Family improperly denied Plaintiff's claim by motivating its claims department to pay less on claims that are otherwise owed.

102.    American Family improperly denied Plaintiff's claim to reduce the average amount paid on overall claims.

103.    American Family has committed unfair claim settlement practices as alleged in the preceding paragraphs of Plaintiff's Complaint.

104.    American Family's conduct constitutes a bad faith breach of the insurance contract.

105.    American Family has committed such actions with such frequency as to indicate a general business practice.

106.    As a direct and proximate result of Hanover's actions, Plaintiff has:

   (a)    incurred increased costs to repair, restore and/or replace the significant property damage;
   (b)    suffered damages as a proximate result of the misconduct alleged; and
   (c)    suffered and will continue to suffer other expenses, including loss of pre-judgment interest, attorneys' fees, public adjuster costs and fees, investigatory fees, and other losses.

**WHEREFORE**, Plaintiff, Robert Fritsche, respectfully requests this Court enter judgment against Defendant, American Family Mutual Insurance Company, for damages resulting from its breach of its duty of good faith and fair dealing, costs, pre-judgment interest, attorneys' fees pursuant to applicable law, public adjuster fees, and such other relief as the Court deems appropriate.

### THIRD CLAIM FOR RELIEF
**(Unreasonable Delay and Denial of Payment of Covered Benefits
Pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116)**

107.    Plaintiff re-alleges and reaffirms Paragraphs 1-106 as though fully set forth herein.

108.    Under Colorado Revised Statute § 10-3-1115, an insurer who delays or denies payment to an insured without a reasonable basis for its delay or denial is in breach of the duty of good faith and fair dealing.

109.    Under Colorado Revised Statute § 10-3-1115, an insurer's delay or denial is unreasonable if the insurer delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action.

110.    Plaintiff is a first-party claimant within the meaning of Colorado Revised Statute § 10-3-1115(1)(b)(1).

111.    Plaintiff suffered a loss covered by the Policy and submitted a claim for that loss to American Family.

112.    The claimed loss and damage submitted by Plaintiff was covered by the Policy and Plaintiff was owed covered benefits under the Policy.

113.    American Family delayed payment of covered benefits without a reasonable basis for its actions.

114.    American Family denied payment of covered benefits without a reasonable basis for its actions.

115.    American Family has unreasonably delayed covered benefits without a reasonable basis for doing so as alleged in the preceding paragraphs Plaintiff's Complaint.

116.    American Family delayed and denied payment of covered benefits without a reasonable basis for its action by failing to properly investigate its insured's loss.

117.    American Family delayed and denied payment of covered benefits without a reasonable basis for its action by providing a damage estimate without having documented a reasonable investigation based upon all information.

118.    American Family delayed and denied payment of covered benefits without a reasonable basis for its action by providing a damage estimate which did not include all covered damages.

119.    American Family delayed and denied payment of covered benefits without a reasonable basis for its action by providing a damage estimate which did not include all covered damages identified by its consultant, HAAG Engineering.

120.    American Family delayed and denied payment of covered benefits without a reasonable basis for its action by providing a damage estimate which did not include general contractor overhead and profit.

121.    American Family delayed and denied payment of covered benefits without a reasonable basis for its action by providing a damage estimate which did not provide for like kind and quality replacement as required by the terms and conditions of the Policy.

122.    American Family delayed and denied payment of covered benefits without a reasonable basis for its action by ignoring objective evidence of direct physical loss and damage to the Property.

123.    American Family delayed and denied payment of covered benefits without a reasonable basis for its action by forcing Plaintiff to retain his own professionals to help properly adjust the covered loss.

124.    Despite receipt of Plaintiff's comprehensive estimate, American Family delayed and denied payment of covered benefits without a reasonable basis for doing so.

125.    American Family unreasonably delayed and denied Plaintiff's claim to reduce overall claims payments.

126.    American Family unreasonably delayed and denied Plaintiff's claim to increase profits.

127.    American Family unreasonably delayed and denied Plaintiff's claim to maintain its loss ratio.

128.    American Family unreasonably delayed and denied Plaintiff's claim to meet department goals.

129.    American Family unreasonably delayed and denied Plaintiff's claim by providing financial incentives to its personnel, including Seth Dickson, Claudia Warden, and Douglas Clifton, to determine claims handling.

130.    American Family unreasonably delayed and denied Plaintiff's claim by motivating its claims department to pay less on claims, such as Plaintiff's claim for damages, than what is otherwise owed.

131.    American Family unreasonably delayed and denied Plaintiff's claim to reduce the average amount paid on overall claims.

132.    American Family unreasonably delayed and denied Plaintiff's claim by asserting coverage positions that it knew were without merit.

133.    American Family delayed and denied payment of covered benefits without a reasonable basis for its action as evidenced by its failure to include within its First Damage Estimate approximately $10,138.93 in covered benefits that were included one month later within its Second Damage Estimate dated October 30, 2017.

134.    The actions of American Family were intended to dissuade Plaintiff in pursuing benefits due and owing under the terms of the Policy.

135.    Based upon the foregoing Paragraphs is therefore entitled to two times the covered benefit, attorneys' fees, and costs pursuant to C.R.S. § 10-3-1116, together with pre-judgment interest at the highest rate allowed by law.

**WHEREFORE**, Plaintiff, Robert Fritsche, respectfully requests this Court enter judgment against Defendant, American Family Mutual Insurance Company, for damages authorized pursuant to Colorado Revised Statute § 10-3-1116, costs, pre-judgment interest, attorneys' fees pursuant to applicable law, and other such relief as the Court deems appropriate.

## REQUEST FOR JURY TRIAL

136.    Plaintiff requests trial by jury with respect to all claims and issues triable to a jury.

Respectfully submitted this 10th day of May, 2018

/s/ Jonathan Bukowski
Jonathan E. Bukowski, Esq.
Colorado Bar No.: 45614
Larry E. Bache, Jr., Esq.
Colorado Bar No.: 51958

Merlin Law Group, PA
1001 17th Street, Ste. 1150
Denver, CO 80202
Telephone:  720-665-9680
Facsimile:   720-665-9681
E-Mail: lbache@merlinlawgroup.com
E-Mail: jbukowski@merlinlawgroup.com